UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN A. BROWNLEE, III,    :

      Plaintiff    :    CIVIL ACTION NO. 20-808

    v.    :    (JUDGE MANNION)

KAREN HUNT, and    :
KEITH HEARNS,
         :
      Defendants
         :

## MEMORANDUM[1]

Presently before the court is the July 17, 2020 report and recommendation ("Report") of Magistrate Judge Susan Schwab, (Doc. 8), which recommends that the civil rights complaint of *pro se* plaintiff Jonathan A. Brownlee, III, pursuant to Bivens v. Six Unknown Named Agents of

---

[1] Brownlee recently pled guilty in his criminal case, 19-CR-211, M.D. Pa., in which he was charged with one count of possession of child pornography in violation of 18 U.S.C. §2252(a)(4)(B) and (b)(2). The criminal charge against Brownlee resulted from a warrantless search conducted by the Probation Office after he pled guilty to violating the conditions of his supervised release, imposed by the court in United States v. Brownlee, 3:10-CR-176, M.D.Pa., including the prohibition for him to access the internet. *See* United States v. Brownlee, 2020 WL 3172779 (M.D. Pa. June 15, 2020). In his instant case, Brownlee alleges that the defendant Probation Officers violated his constitutional rights by imposing the internet prohibition as one of his conditions of supervised release and that it caused him financial damages which lead to the foreclosure of his house.

*(footnote continued on next page)*

Federal Bureau of Narcotics, 403 U.S. 388 (1971), be dismissed for failure to pay the required filing fee. Although Brownlee filed an application to proceed *in forma pauperis*, the Report finds that he is barred from proceeding in that manner under the three-strike provision pursuant to 28 U.S.C. §1915(g). To date, Brownlee's complaint has not been served on defendants, both Probation Officers in this district.[2] No party has filed objections to the Report, and the time within which objections were due has expired. For the following reasons, the report and recommendation, (Doc. 8), will be **ADOPTED** and, plaintiff's complaint, (Doc. 1), will be **DISMISSED**.[3]

## I.   STANDARD OF REVIEW

Where no objections are made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson*

---

[2] The court notes that Brownlee's denial of any access to the internet on his computer, which he alleges violated his rights, was imposed by the court as a condition of his supervised release in his 2010 criminal case. *See* United States v. Brownlee, 3:10-CR-176, M.D.Pa.

[3] Since Judge Schwab stated the full procedural history of this case in her Report and since the parties did not object to it, the court will not repeat it herein.

*v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); M.D.Pa. Local Rule 72.3.

## II. DISCUSSION

Judge Schwab states the correct law regarding the three-strike provision of 28 U.S.C. §1915(g) and explains why Brownlee is barred from proceeding *in forma pauperis* in this case, and why he has three strikes against him, "i.e., on three or more occasions, while incarcerated, he has brought an action or an appeal that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted." Thus, the court will not rehash this thorough explanation in the Report.

The Report also indicates that Brownlee's application for leave to proceed *in forma pauperis,* (Doc. 2), was denied by the court on May 26, 2020, (Doc. 6), and that despite being ordered to pay the full filing fee and being warned him that his failure to timely pay would result in a recommendation that his action be dismissed, Brownlee has not paid the

filing fee. As such, the Report recommends that the court dismiss this case based on Brownlee's failure to pay the filing fee.

The court has reviewed the reasons presented by Judge Schwab for recommending that the plaintiff's complaint be dismissed, and because the court agrees with the sound reasoning that led the Judge to the conclusions in her report and finds no clear error on the face of the record, the court will adopt the report in its entirety.

### III. CONCLUSION

In light of the foregoing, Judge Schwab's Report, **(Doc. 8)**, will be **ADOPTED IN ITS ENTIRETY**, and Brownlee's complaint, **(Doc. 1)**, will be **DISMISSED**. An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 14, 2020**
20-808-01